BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

PHILIP KOPCZYNSKI (NYBN 4627741)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7027
    philip.kopczynski@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 15-470 VC |
| Plaintiff, | **JOINT STIPULATIONS AND WAIVERS FOR BENCH TRIAL** |
| v. | |
| PAUL STEVEN FUENTES, | Date: September 27, 2016 |
| Defendant. | Time: 10:30 a.m. |

STIPULATIONS RE: BENCH TRIAL
NO. CR 15-470 VC

The parties submit the following stipulations and waivers in anticipation of a bench trial before this Court on September 27, 2016.

## I.   WAIVER OF RIGHTS

1. Pursuant to Federal Rule of Criminal Procedure 23, Fuentes waives his right to a jury trial and the government consents to have the Court conduct the trial in this case.

2. Fuentes waives his right to testify, to cross-examine witnesses called by the government, and to call witnesses on his own behalf.

3. The parties agree that the Court can rely on the testimony and exhibits introduced at the evidentiary hearing on June 6, 2016, and the stipulations below to decide Fuentes' guilt or innocence of the charges, and they submit the matter for decision by the Court on that basis.

## II.   FACTUAL STIPULATIONS[1]

1. If called to testify at trial, the witness Officer Joshua Cabillo of the San Francisco Police Department would testify as follows:

   a. On August 17, 2015, Officer Cabillo and Sergeant Anthony Montoya were on duty and driving in an unmarked patrol car in the Mission District of San Francisco. They saw Fuentes walking westbound on 24th Street near the intersection with Florida Street.

   b. Officer Cabillo parked the car and walked up to Fuentes. During the ensuing conversation, Fuentes allowed Officer Cabillo to search his cell phone. Officer Cabillo found a picture on Fuentes' cell phone dated June 14, 2015, of two firearms sitting on top of a wooden chest. Fuentes was on probation at the time for a felony and could not lawfully possess firearms.

   c. Officer Cabillo and other police officers searched Fuentes' residence. When the police arrived at the residence, Fuentes' mother was at home and told the police that her son's bedroom was upstairs.

---

[1] The parties agree to a bench trial and stipulate to the facts described below. The parties enter into these stipulations with the understanding that Fuentes is not rendering moot his right to appeal the denial of his motion to suppress, and not waiving his objection to the introduction of the evidence that he argued should be suppressed. *United States v. Larson*, 302 F.3d 1016, 1020 (9th Cir. 2002) (stating that appeal after a bench trial by stipulated facts not moot if the stipulations merely describe evidence the government intended to introduce at trial).

STIPULATIONS RE: BENCH TRIAL                    1
NO. CR 15-470 VC

  d. The police searched the upstairs bedroom and found a Marlin .22 caliber sawed-off rifle bearing serial number MM56238G under the bed and a Marlin .22 bolt action rifle bearing serial number V7204 in the closet. The sawed-off rifle was loaded with six rounds, and it appears to be the same rifle from the picture on Fuentes' cell phone. It is approximately 20 inches in overall length with a barrel length of approximately 9 inches. Despite having a barrel shorter than 16 inches, it is not registered to Fuentes in the National Firearms Registration and Transfer Record. The police also found the wooden chest from the cell phone picture, and a prescription carton with Fuentes' name on it and an envelope addressed to Fuentes, in the upstairs bedroom.

  e. The police arrested Fuentes. Officer Cabillo and another officer interviewed Fuentes at Mission Station. Fuentes gave the address of the residence the officers had searched as his current address. Fuentes said the rifles found in the upstairs bedroom were given to "me," and also said they were given to his father or to "us." Fuentes said he handled the firearms when taking a picture of them with his cell phone, and afterwards he put the sawed-off rifle under his bed.

2. The parties stipulate that the exhibits introduced at the evidentiary hearing held on June 6, 2016, are deemed admitted into evidence for the purpose of this bench trial.

3. The parties stipulate that Fuentes sustained a felony conviction in 2013 for a violation of Section 245(a) of the California Penal Code, which was punishable by more than one year of imprisonment.

4. The parties stipulate that the Marlin .22 caliber rifle bearing serial number MM56238G and the Marlin .22 caliber rifle bearing serial number V7204 were not manufactured in the State of California, and therefore traveled in interstate commerce before being found in San Francisco, California on August 17, 2015.

5. The parties stipulate that the cell phone picture of the rifles, the rifles themselves, the other items seized from Fuentes' bedroom, and the recording of Fuentes' interview at Mission Station described above are deemed admitted into evidence for the purpose of this bench trial, subject to

//

1 | Fuentes' objection noted above.

2 | IT IS SO STIPULATED.

3 | Dated: September 27, 2016

BRIAN J. STRETCH
United States Attorney

_____
PHILIP KOPCZYNSKI
Special Assistant United States Attorney

Dated: September 27 2016

_____
PAUL STEVEN FUENTES
Defendant

Dated: September 27, 2016

_____
GALIA AMRAM
Assistant Federal Public Defender

STIPULATIONS RE: BENCH TRIAL         3
NO. CR 15-470 VC